UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EAVES, #518379,

    Petitioner,

Civil No: 2:08-14381
Honorable Gerald E. Rosen
Magistrate Judge Donald A, Scheer

v.

DEBRA SCUTT,

    Respondent.

_____/

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS &
DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner, David Eaves, is on parole and is reporting to the Detroit Metro Parole Office in Detroit, Michigan.[1] Petitioner was convicted after he pled guilty in Wayne County Circuit Court to illegally using the internet to commit criminal sexual conduct. Mich. Comp. Laws §750.145d. He was sentenced on December 7, 2004 to one to twenty years' imprisonment.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner raises the following issue:

> The convicting court lacked jurisdiction where the statute the plaintiff was convicted under is unconstitutional in violation of the Commerce Clause of the United States Constitution, Article 1, Section 8, Clause 3, resulting in a
>
> void judgment, a miscarriage of justice, and the imprisonment of an innocent

---

[1]The fact that Petitioner is no longer incarcerated does not moot his claim for habeas relief because he has been released on parole; nor is this federal district court's subject matter jurisdiction defeated. 28 U.S.C. §2254(b).

person, in violation of the Due Process Clause of the Michigan and United States Constitution.

Pending before the Court is Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations. Petitioner has filed a response to Respondent's Motion, which in no way addresses the statute of limitations issue. For the reasons that follow, the Court will grant Respondent's motion and dismiss the habeas petition with prejudice.

## I. STANDARD

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional  right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

## II. DISCUSSION

### A. Timeliness of Habeas Petition

Following Petitioner's conviction, he did not file a direct appeal, nor did he file an application for leave to appeal pursuant to MCR 7.205(F)(3)[2]. Therefore, Petitioner's conviction became final on December 7, 2005, one year following his judgment of conviction. See *Erwin v. Elo,* 130 F.Supp.2d 887, 889 (E.D. Mich. 2001) (stating that because the petitioner did not file an application for leave to appeal his conviction in the Michigan Supreme Court, the one-year limitations period for filing his habeas petition began to run when the time for seeking leave to appeal in the Michigan Supreme Court expired). The statute of limitations began to run on the day after Petitioner's conviction became final.[3] Therefore, absent state collateral review (i.e., motion for relief from judgment or motion for a new trial), Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than December 7, 2006.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has

---

[2]MCR 7.205(F)(3) provides that a defendant has twelve months from the date of entry of a final order or judgment in which to file an application for leave to appeal with the Michigan Court of Appeals.

[3]Because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from December 7, 2005, to timely file a petition for habeas relief with the federal court. 28 U.S.C. §2244(d)(1)(A).

not yet fully run. *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

On August 18, 2006, Petitioner filed a petition for state habeas relief with the Gratiot County Circuit Court. On October 10, 2006, the trial court denied relief on jurisdictional grounds. On April 18, 2007, Petitioner filed another petition for state habeas relief with the Jackson County Circuit Court. Petitioner's request was denied on June 7, 2007 because he had not stated a proper basis for seeking habeas relief. Petitioner then filed a "Complaint for Writ of Habeas Corpus" with the Michigan Court of Appeals on or about January 29, 2008. Relief was denied on May 12, 2008. *In re David Eaves,* No. 282256 (Mich. Ct. App., May 12, 2008). Petitioner attempted to appeal this decision to the Michigan Supreme Court on July 31, 2008. However, the appeal was not accepted because it was filed beyond the rule-prescribed time limitation set forth under MCR 7.302(C)(2). On October 15, 2008, Petitioner filed his petition for writ of habeas corpus with this Court.

Since Petitioner filed a petition for state habeas relief with the Gratiot County Circuit Court on August 18, 2006, the statute of limitations period was tolled, leaving one hundred eleven days remaining on the statutory period, pending the resolution of Petitioner's collateral review which concluded on October 10, 2006. Petitioner, therefore, had 111 days from October 10, 2006, i.e., until January 29, 2007, to file a habeas petition with this Court or other post-judgment pleading for collateral review. Although, Petitioner's filing of his second state habeas petition with the Jackson County Circuit Court would have tolled the statute of limitations had it been filed within the 111-day continuation of the limitations

4

period, *see Hudson v. Martin,* 68 F.Supp.2d 798, 801 (E.D. Mich. 1999), Petitioner failed to file this second state petition until April18, 2007 -- eighty days after the limitations period had expired. Therefore, Petitioner's present habeas petition filed on October 18, 2008 is untimely, absent tolling.

### B. Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), but the United States Court of Appeals for the Sixth Circuit has stated that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period for habeas petitions. *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 125 S. Ct. at 1814.

In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008.

These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*; *Miller v.*

5

*Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

"In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)); *see also Pace*, 544 U.S. at 418. Equitable tolling should be granted only "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare." (Citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Although, Petitioner filed a response to Respondent's dispositive motion, the statute of limitations and equitable tolling issues are not addressed in the response, nor are the issues addressed within the text of Petitioner's habeas petition. Therefore, Petitioner has not claimed that some extraordinary circumstance prevented him from filing a timely habeas petition or that his ignorance of the filing requirement was reasonable. He also has not submitted any new evidence that would lead the Court to believe that he is actually innocent of the crimes for which he was convicted. Therefore, equitable tolling is not appropriate here and cannot save the habeas petition from being time-barred.

### C. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court studied the record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability. The Court further finds no good faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations [DKT. # 8] is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                    s/Gerald E. Rosen  
                                    HONORABLE GERALD E. ROSEN  
                                    CHIEF JUDGE, U.S. DISTRICT COURT

Dated: June 23, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Brian O. Neill, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David Eaves, 13150 Princeton, Apt 4, Taylor, MI 48180.

                                    s/Ruth A. Brissaud  
                                    Ruth A. Brissaud, Case Manager  
                                    (313) 234-5137